1368-78 United States v. McRae Good morning and may it please the court. I'm Robert Littlehill from the Paul Weiss Law Firm here representing Madison McRae in this matter. When read together, the Supreme Court's decisions in Harbison and Gonzalez simply leave no room for the government's argument in this case. In Harbison, the Supreme Court interpreted the COA statute to govern only final orders that dispose of the merits of a habeas corpus proceeding. In Gonzalez v. Crosby, the court made clear that true 60B motions could do no such thing. Can we talk about Harbison first for a minute? Yes your honor. I find that a very difficult decision to figure out exactly what it does provide precedent for. I mean you can read it the way you've just said or you can read it as sort of one-off. That this is such an unusual situation that the Supreme Court made it sort of like they've said about Bush v. Gore. I mean you know has no precedential effect, just deals with that one situation. And can you, maybe you can give me your best case on why we wouldn't look at it that way. Well I have several answers for that your honor. I think first and foremost all the parties agreed in that case that a COA was unnecessary. That's all the more reason why the Supreme Court didn't decide it. Well because all you know that we have countless cases where the Supreme Court tells us well that issue wasn't before us in that earlier case. Respectfully your honor, they did exactly the opposite and they actually made a ruling on their interpretation of the plain language of the COA statute. They could have very easily said all the parties agree this isn't the best vehicle to decide this and we'll dismiss the first issue on which we granted certiorari as improvidently granted. Now the court didn't do that. They actually went in and said Justice Stevens read the plain language of the statute and said it's a merits or non-merits test and this type of motion simply does not touch upon the merits of the constitutional issue. Isn't the language that you're talking about doesn't it say a final judgment on the merits? Something like that. I mean it's a What was the where the emphasis was? Yes your honor the language the court used was that the COA statute governs only quote final orders that dispose of the merits of a habeas corpus final orders final order that dispose of the merits and the important takeaway to me your honor is that in the Gonzalez against Crosby case the Supreme Court explained that true 60b motions cannot talk about the merits. They have to talk about they have to attack the integrity of the first federal habeas proceeding. Now the government that sort of makes sense I guess when you think about it in terms of what the process is for setting up why successive motions would not be permitted for most part without a COA. Yes if you're attacking the procedure of it what was going on that's not something you had an opportunity to do before because it hadn't happened. Yes your honor and in addition to that the real problem with is that under Gonzalez 60b motions cannot raise constitutional issues. If you raise a constitutional issue in your 60b motion that's an improper successive 2255 petition and in fact as the Supreme Court argued in its amicus briefs in the Harbison case in the context of a habeas proceeding for the purposes of a COA statute it's concerned with whether or not the petitioner challenges the lawfulness of his detention based upon alleged violations of the constitution the laws and the treaties of the United States and where a petitioner as in this case advances a claim that doesn't touch upon constitutional issues the COA test which looks to whether he could show a substantial showing of a denial of a constitutional right simply makes no sense. In the words of the United States in their amicus brief applying the text test to those sorts of contexts is incongruous difficult to apply and incompatible and we certainly agree. Now in such circumstances the problem is the the back story is that the Supreme Court and I suppose Congress as interpreted by the Supreme Court has been so stingy about habeas petitions successive habeas petitions that it seems unlikely that I mean your rule makes perfect sense I agree with you all but we're trying to figure out where this is lies in the the whole specter of cases. And I think here's the interesting thing in the Harbison decision we just don't have one opinion by Justice Stevens for the court we have Justice Stevens opinion and a number of concurring opinions and a dissenting opinion and and none of those other opinions and Chief Justice Roberts wrote an opinion I believe Justice Thomas and Justice Scalia wrote opinions and none of those opinions did they mention well yes we're announcing this very clear-cut rule merits non-merits and the important thing is this the United States in its amicus brief in the Harbison case actually pointed out in a footnote look this doesn't apply to 60b motions they're different but in their analysis they don't really explain why they're different and the court didn't say as it did in Gonzalez hey we're not deciding this issue today this is something that might come up on the road it was deciding yes it didn't you know but it doesn't it doesn't reach the footnote yes your honor but I think what it does I mean that would be more helpful to you you know well the solicitor general suggests this doesn't apply to which they do sometimes yes but I think ultimately having been fully briefed and argued on that issue I'm not sure about fully briefed and argued certainly not fully briefed and argued in this context well I would argue that it was briefed in the amicus brief from the United States because of that one footnote because of the footnote and it was in their footnote in their they actually argued against I believe they argued against certiorari on that first point and they dropped a footnote there and they discussed it again in their amicus brief on the merits before the supreme court I think fundamentally the government's sir reply brief in this case doesn't grapple with the interaction between Gonzalez and Harbison instead that the government contends that because the order in Harbison a motion for the appointment of counsel is different from a 60b motion that Harbison simply has no import to this case but the problem is ultimately Harbison has been cited by a number of other courts in another in a number of other non-merits contexts the 3rd 5th 9th and 11th circuits have all said Harbison just doesn't apply to a motion for the appointment of counsel it applies to such things as rule 11 sanctions motion modification of a protective order and so on in fact the government's own sir reply cites a case called Hickman against Cameron that involves a filing injunction now that's clearly not a motion for the appointment of counsel that's something completely different it's clear from these cases in our view that the Harbison court's interpretation of the COA statute was not dependent upon the particular motion in that case in fact as I mentioned earlier there's no limiting language in that case that suggests that is indeed the case rather the court's ruling provided general guidance for we believe the first time of what the COA provision applies to and the supreme court said it governs final orders that dispose of the merits of a habeas corpus proceeding I think the second main argument the government has is that even after Gonzalez and Harbison various courts continue to require co 60b movements to attain a COA but these cases share many common attributes to begin with many are pro se petitioners they aren't counseled the government in many of these cases does not file briefs of their own and I think importantly in none of these cases in any single court of appeals case that we have found has the Harbison issue we briefed been briefed and argued to a court of appeals and I think that's important I think this court for that reason should address these important issues in this case I think if we take a closer look at the Hickman against Cameron decision that the government cites in their sir reply I think you notice a few things about that case first it's an unpublished per curiam third circuit case it was also issued without briefing from the government and nowhere in the pro se prisoners handwritten petition is there a Harbison based argument and in the court's discussion of the COA requirement it's based entirely on pre Harbison priest pre Gonzalez case called Morris against horn so our argument is that business as usual courts continue to do this is not a proper argument when there's been intervening decisions the law especially when the ninth circuit has observed that true 60b movements do not need a COA to appeal lastly your honors even if a COA were required as we explained in our opening brief I think the first thing the court needs to do is ascertain what type of motion sits before it before it can apply one test or the other and the government in this case concedes that the district court erred in construing and dismissing Mr. McClick Miss McRae's claims under Reed and Weinstock we argue that the proper remedy as the court said is remand in these instances in simple terms this court should not wade into such fact-intensive inquiries such as the proper denial or dismissal of a 60b motion and allow the district court to do that in the first instance in this case unless there are further questions I'd like to reserve the rest of my time for rebuttal all right thank you thank you you morning my name is William Miller here on behalf of the United States may it please the court under the plain language of the statute McRae must satisfy the requirements for obtaining a certificate of appealability in order to appeal the district court's dismissal of this motion and because he's unable to satisfy those requirements his appeal must be dismissed to begin with your question about Harbison Judge Mott McRae does read that case too broadly it's important first to look at what was actually at issue in Harbison the motion that was denied and appealed in Harbison was for federally appointed counsel and state clemency proceedings that postdated the habeas proceeding and so in that sense there's really no question that that's disconnected from the merits or the judgment in the habeas case by contrast a rule 60b motion by definition is challenging the validity of the judgment in the habeas case and so in that regard there's a much closer connection to it's not challenging the underlying uh the underlying proceedings it's not it's not raising constitutional issues but it's attacking the validity of that judgment in the proceedings and so by definition it's attacking the validity of the judgment is the final judgment in the in the habeas case that's under attack it's attacking the way in which the judge handled the first one i take it which means there's been no previous opportunity to do that because that happened in the first one so what's successive about it the 60b is attacking i'm not sure i'm following your honor's question what what he seeks in this 60b as i understand it b6 is that not right uh actually b6 would not apply in this case because as this court held in aiken when you have a b1 through 5 you don't get to b6 and here the allegations in the 60b motion the question is the same what's successive about a rule 60b one through five motion when you're not dealing with the same issues that you dealt with in the underlying habeas position you're the the district the government concedes the district court got it wrong on that point about whether or not this was a successive petition okay there's at least one claim that was a successive claim so it's in fact a mixed petition right but the district court mischaracterized those claims but that's not the end of the inquiry under this certificate of appealability analysis and so we're kind of jumping around but once you get to the certificate of appealability analysis the petitioner has to show both that there was a procedural error in the debatable issue on the procedural ruling but also that reasonable jurists would disagree about whether or not the claim states a plausible claim of the denial of a constitutional right and that's where mccray's petition fails when you undertake the certificate of appealability analysis what's the applicability of gonzalez gonzalez doesn't say anything about whether or not a certificate of appealability should issue what gonzalez talks about is whether or not a 60b petition has to meet the additional requirements for a successive petition this court's case in weinstock already held that it didn't and so gonzalez is really talking about the characterization of the motion it doesn't say anything about whether or not a certificate of appealability is required the certificate of appealability requirement is just a screening mechanism so that this court can avoid what devoting its resources and undertaking appellate review of cases that facially do not even present a debatable claim of the denial of a constitutional right and so the issue of the characterization of the the motion doesn't say anything about whether or not that requirement applies and so in gonzalez the supreme court actually noted that  a 60b motion and it cited this court's case and read in support of that proposition and so it can't be gonzalez cannot be read to either explicitly or implicitly overrule the court's cases that have held that a certificate of appealability is required to appeal the denial of a 60b motion and moving back to uh just a few minutes ago you sort of stated very concisely your view of what should happen and i just want to be sure i understand this is it your view that even if we and when i say you i mean the government and in fact this maybe ask you this preliminary question have you all consulted with the solicitor general's office or main justice on this case not to my knowledge because it seems to me it would appear in other circuit courts and we don't have or perhaps don't have a definitive answer from the supreme court it would probably be worthwhile knowing what government's view is going to be when it gets to the supreme court well the government's view is also well set out in its amicus brief in the harbison in the harbison case where it stated that the certificate of appealability requirement would apply to rule 60b motions and that although a certificate of issue in harbison it still would be required to appeal the denial of a 60b and the reason why you distinguish this case from harbison is i know they're different they raise different claims harbison is distinguishable because the motion at issue there was disconnected from the merits of the habeas so it's how far you're disconnected from the merits not the underlying merits because that would seem to be what harbison is about but about the merits of the habeas case according to you correct the government's position is that a rule 60b motion by definition is attacking that final judgment in the habeas a rule 60 motion in a habeas proceeding not a rule 60 motion correct in the habeas the rule 60b in a habeas proceeding help me harbison involved a habeas proceeding harbison involved the motion for federally appointed counsel was in the federal case but the the petitioner was seeking federally appointed counsel for his subsequent state clemency proceeding so so the whole habeas thing didn't really wasn't really an issue that's the government's point is that that it was divorced from the merits of the habeas case it was seeking counsel for a subsequent proceeding thank you for that clarification now am i to understand that the government's position is that even if we should agree with the um appellant here that there no coa is necessary we we could just assume for purposes of argument no coa is necessary look at this and say it's meritless that's not exactly the government's position because the government's position is that under these circumstances a certificate of pill ability requirement is jurisdictional and so if the court agrees that so we you think we have to reach that question the only way the court would not reach that question is if it concludes that under these circumstances a certificate of appeal ability is not required in which case we'd be proceeding under 1291 and the government's position is there this court could nevertheless affirm the district courts but i mean that i guess i said it incorrectly but isn't that the appellant's position that no coa is necessary that's correct but i just i just want to know i i mean maybe i said it wrong but the government's position is oh i see so what you want to make clear is that this is a fallback position on the right it's a fallback position under the government's view of the case the certificate of appeal ability is jurisdictional and so before undertaking a need to do it correct but if we should conclude that that's not the case and no coa is necessary then the government's fallback position is that we should nevertheless affirm the that that like the court has characterized it is the fallback position i mean the government's firm belief is that a certificate of appeal ability is required to appeal the final order in a 20 in a proceeding in a 2255 case that's the statute that's the plain language of the statute and this court held in reed versus angelone that that plain language requires a certificate of appeal ability in a 60b case even when the issue is whether or not the district court properly classified that motion and so before reaching that issue the court has to undertake the certificate of appeal ability screening analysis and mccray's position too quickly dismisses of this court's precedent in reed based on supreme court cases that he says by implication overturned this court's binding precedent well can't reed be read to hold that only appeals from the denial on the merits of a 60b motion require a coa and now we don't have that here in reed there was no ruling on the well the no it cannot because the the court's analysis and reed was of a procedural ruling in the 60b the defendant and reed filed a 60b taking issue with the district court's failure dismissal of let me start that over in reed the 60b motion that was at issue was an attempt by the defendant to withdraw his habeas petition and so that was a procedural ruling the district court said no you may not withdraw your habeas petition my dismissal with prejudice stands and so it is a procedural ruling like there was a procedural ruling in this case um and so it the the court of appeals did not engage in an analysis of the merits initially um when it decided that a certificate of appealability was was required um well here does the district court dismiss the petition that's that's correct the district court dismissed it didn't it strikes me it's a little different than reed in that respect that that that is a distinction but i don't think it's a distinction without a difference in this case because this court's precedent requires their certificate of appealability to appeal the denial of a rule 60b motion it also requires a certificate of appealability to appeal the denial of a successive petition and so under the plain language of 2253c both of those scenarios are susceptible to the certificate of appealability screening requirement and so it it's a distinction but i don't think it's a distinction that matters in this case and i also want to point out another distinction in reed in mccray's reply brief he argues that reed requires even if the court agrees that a certificate bill ability is required that reed would hold that this court should remand to the district court to consider the timeliness and whether or not the mistakes rise to the level of a constitutional issue in the first instance but that's not what reed did reed when it undertook the certificate of analysis found that the underlying motion in fact included a claim that was a debatable issue of the denial of a substantial right and so reed went through the proper analysis that the government urges the court to undertake in this case and applied the slat criteria which requires first a debatable issue of the denial of substantial constitutional right and second a debatable issue on the procedural ruling it just came out a different way from the way this court would come out should it undertake that certificate of appealability analysis in this case in this case examining the underlying motion for a substantial issue of the denial of a constitutional right leads to a different outcome here the mistakes that mccray highlights in his 60b motion all went to this issue of ineffective assistance of counsel on the miranda issue and the failure to file the motion to suppress those mistakes that are raised in the 60b motion do not present a substantial question of the denial of a constitutional right which is the first requirement under certificate of appealability analysis because first the district court's ruling on that ineffective assistance of counsel claim rested on prejudice and the fact that the evidence was overwhelming and so any mistake and failure to file the motion the court says would not have changed the outcome on the ineffective assistance of counsel claim because the government's evidence was overwhelming secondarily those mistakes that mccray highlights in his 60b motion are either not mistakes or they didn't they didn't affect the outcome either and so when the court goes through the certificate of appealability analysis mccray fails to show the substantial denial of a constitutional right and therefore the appeal in this case should be dismissed in essence the government's position is that a certificate of appealability is required for to appeal the denial of a rule 60b whether or not that's a dismissal or a denial on the merits and that that's what this court and every other court of appeals that is considered the issue has held that the denial of a 60b requires a certificate of appealability counsel you concede it just needs to go back you think that the court made some error the court made some error but the government does not concede that it needs to go back the government's position is that when this court undertakes a proper certificate of appealability analysis the only conclusion it can draw is that there is no debatable issue of the denial of a constitutional right and so when you undertake that certificate of appealability analysis let's take this what part do you concede was done incorrectly at the first level the the district court improperly characterized all of these claims as successive claims all right and so that goes to the second prong under slack which is whether or not there's a debatable issue on a procedural ruling it doesn't relieve the court of undertaking the analysis under the fourth prong which requires an examination for a denial of a constitutional right and that's where mccray fails and his failure under that prong means no certificate of appealability should issue and the appeal should be dismissed and this is all consistent with the purposes of edpa and congress's intent in enacting 2253 which is to screen out non-meritorious habeas motions and so i thought you said that aspect was non-meritorious there's two parts there's the procedural ruling and then there's whether or not there was a substantial denial of a constitutional right the district court's procedural ruling the government concedes was incorrect all right it's a two-part test though and both prongs have to be satisfied you see that's one of the problems if you're dealing with a 60b motion you're basically giving them a task that's impossible because as you call it coa is a screening process but the screen is designed that it will never get through it because even when you can see something went wrong it doesn't make the screen had that's why i want you to go through what you said you can see was procedurally wrong but you say ah but there's another prong it won't reach the constitutional aspect in that sense so isn't that fundamentally uh well used to be a term unfair meant something like now more and more it seemed like i'm fundamentally erroneous that you you design a screen that's impossible for the 60b motion to even make it for us to even see it because it the the cost of our looking at it is too high for them to bear the second prong plays an important role and that's can you maybe one way to look at this is for you to posit an example where you would have your problem your error and you would say that the other prong had not been met the example is reed where both prongs were satisfied in that case when the court undertook the certificate of appealability analysis it looked to the merits of the underlying motion and found that one of those ineffective assistance of counsel claims did present a debatable issue of the denial of a constitutional right and it also held that the district court's procedural ruling was incorrect that was an important part of the court's analysis and that's why it issued the certificate of appealability ultimately in reed what the court decided is that the district court improperly characterized the petition and that in fact was a mixed petition with multiple claims and therefore it remanded but before you have a mixed petition as well yes ma'am we do but but before we even get to the characterization of the petition under the certificate of appealability analysis this court has to satisfy itself that one of the claims in mr mcrae's underlying habeas petition presents a debatable issue of constitutional law that may be right but it seems very odd that we would in order to see if you this has been properly dismissed like no decision on the merits we would go have to go look and see if the merits argument is meritorious it's not odd under the certificate of appealability requirement because to interpret it other way otherwise would require a remand regardless of whether or not the defendant has shown that there's potential merit to the underlying motion and that's exactly what the screening requirement is designed to prevent it's to prevent a remand in cases where despite a procedural ruling there's no hope for the petitioner on the merits of the underlying motion and so it comports with the purpose of the statute which is to promote finality and to conserve resources if this court decides that mr mcrae's motion does not present a debatable claim of the denial of a constitutional right then that ends the issue because no certificate of appealability should issue in that case and that's an important screening mechanism because otherwise a remand remand is a waste of time let's look at this way you would agree the procedural aspect that first prong that you concede was done incorrectly the district court had the authority to correct that and rule in his favor correct it did not but it could it could have gotten it correct could have gotten it correct and granted relief correct not based on the claims that well why would the part that you i'm telling i'm not trying to trick you the part that you can see was done incorrectly that could have been done the other way and would have been correct and relief would have been granted correct on the merits of the underlying motion but yeah the procedural aspect that was incorrect the court could have gotten it correct the government's position is that no reasonable that there's no debatable issue here on the denial of a substantial constitutional right i think it would help me in answer to judge gregory's question if you stated what it is you think that the government that the district court got wrong the district court you know in words not just one issue the district court erroneously characterized this entire motion as a successive petition when in fact it included multiple claims that were true 60b claims and that was an error on the procedure what that's only one part of the certificate of appealability analysis however when it comes up on appeal this court has to not only decide whether or not there's a debatable issue on the procedural ruling which is that characterization of the petition it also has to look to the merits of the underlying motion and determine whether or not there's a chance that mccray could ever win on the merits essentially whether or not to use the language of slack there's a debatable issue of the denial of a constitutional right okay so spin out what the district court's error resulted in that was erroneous the district court's error resulted in a dismissal on the wrong grounds essentially but that's not enough for it just i understand that and i'll let you go say that again but we're trying to sit going to judge gregory's question well should we send it back so they can get it right if you can spell out for us what the court did wrong in terms of actual terms of the a couple of the claims in other words what the court should have done and this is what weinstock says it should have done is allow the petitioner to withdraw its one successive claim and proceed with its 60b motion with that one because it's a mixed petition so what it should have done under weinstock is allow the withdrawal of that one successive claim and proceed on the 60b claims and all the others are 60b yes and what's the one the one claim that was not 60b was essentially trying to re-litigate the miranda issue by highlighting other statements that were made and so that that was an a constitutional attack that represented a successive 22 55 claim in this case and so the procedural error was that what the district court should have done is allow withdrawal of that claim and to proceed on these mistakes and inconsistencies that it highlighted which are true 60b claims the government's position is that once that gets appealed the court has to not only look at the procedural ruling but also look and determine whether or i mean i'm saying it over and over again but also determine whether or not there is a debatable issue on the denial of a constitutional right right and that's where mccrae is unable to make and that's what i'm saying even if it wasn't a mixed question if it was solely 60b questions and the district court got it incorrect and said no no no this is successive when it comes here we have to view it on the metric of both prongs right right even though it's all 60b pure motions we have to look at both prongs than a coa correct yes if there are ruling on the merits this court would still have no fear about the merits based on what the 60b motions we would have to look at both prongs to determine if it meets the standard for coa correct yes but it never could meet that that's my point that's that's my point as well your honor then that would give then the district court the final word on being wrong about giving a litigant a chance to be heard on 60b motions because you say oh yeah we were we could be cavalier yeah i was wrong about that it shouldn't have been successive but now as to you it won't make your cut because it'll never beat the first second prong of constitutionality isn't that correct no i'm isn't that correct isn't that the practical result of your argument i i i guess it is but it's really just a screening requirement honor i mean it's almost the 12b6 yeah did he state a claim upon which relief could be granted and here did he state a debatable issue of constitutional law and if the answer to that is no then no certificate of appealability issues and the appeal has to be dismissed and so what this court and congress is trying to accomplish and i see that my time is well inspired but we're keeping you um what congress is trying to accomplish is to screen out those cases where there's no chance of the defendant or the petitioner prevailing on the merits and so that's why that's why there's a constitution to make sure congress can't justice that's why we're here certainly they may try to screw there would be no everyday writing laws that may screen out justice but that's our job basically what you're saying is that you're giving the district court the final word to misconstrue miscategorize a motion and when he comes here gives us a second prong that we cannot remedy and respectfully your honor there would be no injustice if the second prong is asking whether or not there was a debatable issue of that and so if the answer to that is no then this motion never would have prevailed that's a gauntlet that a 60b motion should never have required to run that's the point i agree with you that is the gauntlet you have to run up here on coa but that should never have been the race put before them it's a bird that it was never designed for them and just to conclude in response to your honor's question there the rule 60b motion in a habeas case is the final order in a habeas proceeding as this court held in reed and in order for that precedent to be overturned mccray has to point to something more than gonzalez and harbison and say that that implicitly overturns that long-standing rule that not only this court but every other court of appeals that has looked at the issue has adopted and so unless there are any other questions what was the language in the anti-terrorism act did not expressly circumscribe the operation of rule 60b well in in gonzalez there was a certificate of appeal ability issued and then in describing 60b the court noted that every court of appeals with one exception at that time that had looked at the issue had held that a certificate of appeal ability was a requirement for the denial of a 60b in a habeas context but it then noted we're dealing with the to some extent you know there's procedure and there's a way in which you do things and sometimes things happen and we use rules to avoid getting to doing the right thing you have a case in which there's a clear error here the court has said it's not circumscribed by the anti-terrorism act and and yet the procedural block of a certificate of appeal ability can be used from the government's perspective to say well you still have to go through this hoop here and you got to do this when nonetheless the error is there and it's a very simple thing to simply address the error and i'm not sure justice Scalia in writing gonzalez went so far as to to limit it in the manner that you describe i mean you have to do look at harvison you have to look at reading other cases to get there but i'm not so sure that was the what the supreme court meant in that case it seems rather simple to say well successive if it's not successive in the sense and you've agreed it's not a successive type it hasn't been dealt with before what's the big deal to simply just deal with something that hasn't been dealt with that is before you in which there's a concession of an error and again i'm over time judge mons but if i may just briefly respond of course um gonzalez says nothing about this issue of whether or not a certificate of appeal ability should issue and this second hoop it's important to understand what the substance of that hoop is the second hoop is whether or not the defense the petitioner for a certificate of appeal ability arises from where from section 2253 of the of edpa and it says when it says edpa does not expressly circumscribe the operation of a rule 60b that has no import and yet that's where this requirement arrives it would seem to me that there would except to the extent that a required it doesn't subscribe it gonzalez didn't have to do with the certificate field building gonzalez was correcting the 11th just dealing with that statement that it makes there and and the only question i'm asking if if it's not circumscribed by that act we now come in and fold in this layer in which it is because you've got to have the certificate of ability the ability to steal in order for gonzalez to reverse the long-standing precedent of this court and every other court holding that a 60b is required that a certificate of appeal ability is required to appeal the denial of a 60b and a habeas proceeding the government's position respectively is that it would require more than that because in gonzalez the court noted that every court of appeals has adopted this rule and it declined to address whether or not that was right but it did say that it's a plausible interpretation of the statute and a relatively effective screening mechanism and so to take gonzalez and say by extent that the rule 60b would be dealing with substantive issues uh of course that that makes sense i mean if your rule 60b is simply going to reiterate that's what's there then yes that makes complete sense but in the instance of if you can differentiate rule 60b's aren't all the same and if you have one that's only attacking what the judge did at the forcefully all day long but i'm not so sure all rule 60b's are the same you don't concede that and if i haven't been saying it when i say a six all rule 60b's the same absolutely not and some are substantive some deal with procedural if i haven't been saying it the rule that this court and others have adopted is that the appeal of the denial of a 60b in a habeas proceeding is subject to the strict capability requirement 60b apprised broadly to all civil cases and so we're here in a habeas case and so if i've just shorthanded it by saying 60b what i intend to say is that no no no that wasn't going to challenging what you were saying i'm just saying that in terms of of looking what the supreme court did in gonzalez there is a difference in in in rule 60b motions there are motions that deal just with the substantive best which fits very neatly into your argument but those that deal with issues of this type where you're when you're dealing with what happened at habeas seems to be different justice scalia seems to give that flavor at least in gonzalez pretty clearly the government maintains that gonzalez doesn't speak to this issue of whether or not it's a capability issue well i've gotten that point thank you thank you very much a little help briefly your honor now to begin with the government argued at length that the coa requirement is a necessary screening requirement in the 60b context but 60b motions already face their own screening requirements first they're the time limits imposed in the statute second as justice scalia explained in the gonzalez case 60b motions are subject only to limited deferential review by the court of appeals he says gonzalez doesn't deal at all with certificate of bill abilities says that all the circuit says is required for 60b so gonzalez left that alone your honor even if that were true we think that harbison uh went ahead and ruled just on this issue uh we think that the court's you know walking up to the edge and gonzalez is simply irrelevant i think you need to look at harbison and gonzalez in conjunction what if you have neither harbison nor gonzalez is there any way that you can win i think so your honor i think what this court has is decided in the reed and weinstock cases is that there's a claims processing rule that is applicable to as you said earlier judge motz the dismissal rather than the denial of a 60b motion and i think it works in this way um it's it's a claims processing rule what the court of appeals is saying is we're not going to figure out this fact intensive inquiry of whether it's a 60b or an improper successive district court you know the record you know this litigant you presided over the trial clean that up before we will even entertain a coa so i think at the worst case scenario your honor we would argue that in the cases of a dismissal rather than a denial that this court should issue a limited remand saying district court please clean this up so we can properly consider whether or not we need to apply a coa test so that i think that's our ultimate fallback argument in case the coa test survives to this day i think ultimately your honors the government seeks this morning to enact a hurdle that no c60b movement can meet step one in in the hoops uh one i think the government said was the true 60b motions do not advance constitutional claims and everyone agrees that that's what the supreme court says in gonzalez now hoop two is to get a coa we have to prove that we were denied a constitutional right now those two statements are simply incompatible it's impossible to establish that we meet the coa requirement if we can't even bring a constitutional right under a 60b claim i think at the end of the day the right of habeas excuse me but if you made a 60b motion that challenged the habeas proceeding because you found the judge was taking bribes from the government something totally separate and apart from the underlying merits that would be a violation of a constitutional right in the 60b proceeding right i think you would also pretty readily get a coa for that issue right but i thought your argument was you could never get a coa well i think i think i do think that was your argument yeah i think as judge winne pointed out your honor that 60b raises a number of issues the categories one through six mistake fraud uh new evidence i believe is one of them and also that context you would need a coa as well because that ultimately speaks to the underlying merits so we're not saying that all 60b motions don't need a coa we're saying that true 60b motions do not need a coa be a true 60b motion because the trial was perfect the trial was perfect absolutely perfect and all the appeals along the way have been perfect but then you got to the habeas court and for some reason you got new not as good counsel as you are and not as ethical as you all are and they decided to bribe the district judge in only in the successive yes you know i would argue if i were the government i think in that case i would argue that that's new evidence and that bears to the ultimate merits of the proceeding i'm not it's a big question whether or not you have a constitutional right to a honest judge it would be a question i think that would at least be a question it would it's you know i mean yes it would get you the coa we submit that it's a much closer question that's that presented in this case we think that harbison and gonzalez in this case uh provide a clear answer to the question of whether or not a 60b movement needs a coa and we think the answer is no i think ultimately the the right of habeas holds a special place in american society and 60b is the only mechanism by which a petitioner can ensure that his first habeas proceeding was fair and the only question then i think this court has to answer is whether or not mr mccray has the ability to actually challenge whether or not his first habeas petition was fair so unless there are any other questions your honor we ask the court vacate and remand this case for further proceedings i think you're fine mr little hill are you court appointed yes your honor you did a fabulous job for your client we very much appreciate your efforts thank you i have to say the government also did it it's the best set of briefs i've seen a long time thank you actually appreciate that we will come down and greet the lawyers and then go to the next gate
judges: Diana Gribbon Motz, Roger L. Gregory, James A. Wynn Jr.